IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JAMES BEARDEN AND SHEILA BEARDEN,** | ) ) | |
| **Individually and on behalf of all others similarly situated,** | ) ) ) | **Case No. 3:09-cv-01035** |
| | ) | **Judge Aleta A. Trauger** |
| Plaintiffs, | ) ) | |
| | ) | **JURY DEMAND** |
| v. | ) ) | |
| **HONEYWELL INTERNATIONAL, INC.,** | ) ) ) | |
| Defendant. | ) ) ) | |

**PROTECTIVE ORDER**

Upon stipulation of Plaintiffs, James Bearden and Sheila Bearden ("Plaintiffs"), and Defendant, Honeywell International Inc. ("Honeywell"), the parties seek a protective order that confidential information be disclosed only in designated ways, as follows:

**1.     Confidential Information**

This Protective Order shall apply to all information, documents, electronically stored information and any form of discovery contemplated under Rules 26 through 36 and 45 of the Federal Rules of Civil Procedure which, in the good-faith opinion of the party or third-party disclosing such material contains medical and psychological information or related billing, information related to claims on any insurance policy for medical or psychological services, trade secret or other confidential research, development, technical, financial analysis or commercial information (hereinafter "Confidential Information")

1

**2. No Waiver of Rights or Implication of Discoverability**

This Order does not operate as an agreement by any Party to produce any or all information and/or documents demanded or requested by another Party. Nothing in this Order shall enlarge or in any way affect the proper scope of discovery in this action, nor shall anything in this Order imply that any Confidential Information is properly discoverable, relevant, or admissible in this action. Nothing in this Order shall be construed as an agreement to either enlarge or restrict the scope of protection afforded by law.

**3. Modification**

Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

**4. Designation of Confidentiality**

Information or documents may be designated as CONFIDENTIAL within the meaning of this Order in the following ways:

(a) In the case of documents and information contained therein, designation shall be made by means of a stamp or label placed on each page of any such document stating "Confidential."

(b) Any person wishing to file documents or materials with the Court containing or reflecting the contents of Confidential Information is required to file said documents under seal. If a Motion is required by the Court in order to place the Confidential Information under seal, such person must file a Motion to that effect and give notice of the Motion and any hearing thereon to the other Parties hereto. If a Motion and hearing are required to place the Confidential Information under seal, Confidential Information or documents containing such information may

not be filed in the record until the Court has ruled on the Motion and a ten-day period to move to reconsider or appeal that ruling has expired without a motion to reconsider or an appeal having been filed with the Court, or until such time as the motion to reconsider or appeal is ruled upon. Nothing in this Order shall preclude the Receiving Party from quoting, describing or otherwise referring to a stamped "Confidential" document in a pleading filed in this Action to the extent relevant to the argument in the pleading, provided that such pleading is filed under seal.

5. **Non-Disclosure of Confidential Information**

No document or any portion of any document produced by any party and identified as "Confidential" may be disclosed to any person, except as expressly permitted in this Order. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs, summaries, notes, computer-generated material, computer discs or retrievable data, other means of storage or duplication, and oral statements or communications that quote, summarize, or contain Confidential Information are also subject to protection by this Protective Order (including without limitation any copies, notes, abstracts or summaries of the foregoing materials).

6. **Use of Confidential Information**

Confidential Information shall be used by the receiving party solely for the purposes of conducting or defending this Action, and shall in no event be used for any business, competitive, personal, private, public, or other purpose, except as required by law. Confidential Information shall not be used to solicit other litigation, nor shall it be disclosed to any other potential litigants or putative class members. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to Plaintiffs or Honeywell in this Action and, in the course thereof, relying generally on examination of Confidential Information, provided, however, that in rendering such

advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any items entitled to protection under this Order except as permitted herein.

7. **Disclosure of Confidential Information**

Access to Confidential Information as defined by this Order shall be limited to any person who is not a Competitor (as defined hereinafter) and who is:

(a) counsel for the party to this Action who receives Confidential Information and their paralegals and clerical staff who are assisting in this Action;

(b) a witness, including a former employee, in advance of or during that witness' testimony at a deposition, hearing or trial in this Action, provided that: (1) the disclosure is made for the purpose of advancing the disclosing party's claims or defenses, and for no other purposes whatsoever, (2) counsel for the disclosing party endeavors in good faith to redact or handle the Confidential Information in such a manner as to disclose no more Confidential Information as is reasonably necessary in order to examine the witness, and (3) the witness is not permitted to retain the Confidential Information except as permitted under this Order;

(c) the receiving party or any director, officer, employee, or former employee of the receiving party (if applicable). Nothing in this Paragraph shall be deemed to waive or supersede any confidentiality agreement of a Party's directors, officers, employees, or former employees entered into while a director, officer, employee or former employee of the opposing party;

(d) an outside testifying or consulting expert and his/her employees retained by the receiving party and to the extent necessary and solely for the purposes of assisting in conducting or defending this action;

(e) any person who authored, sent, or received the particular material sought to be disclosed to that person; and

(f) the Court, court reporters, court officials, and the jury involved in this Action (subject to the other terms herein).

Before any Confidential Information may be disclosed to any person described in (a) - (d) of this Paragraph, however, the person so described must sign the attached Confidentiality Agreement. The Confidentiality Agreement reflects that the signatory has read this Protective Order, understands that disclosure of Confidential Information constitutes contempt of court, and consents to the exercise of personal jurisdiction by this Court. The original of each signed Confidentiality Agreement shall be retained by the counsel who is disclosing the Confidential Information to such person. In the event that any of these individuals are identified or designated as witnesses or as experts who may testify in this Action, a copy of each such signed Confidentiality Agreement shall be provided to counsel for all Parties to this Action at the time of the designation.

**8. Non-Disclosure to Competitors**

For the purposes of this Protective Order, "Competitor" shall be defined as: (1) any company or any agent, employee, consultant, or person affiliated with any company engaged in the discovery, development, commercialization, marketing, sales, and/or manufacturing of any whole-house electronic air cleaner or any agent, employee, consultant, or person otherwise affiliated with such a company. Before disclosing any Confidential Information to any person, counsel must first confirm that such person is not a Competitor. No Confidential Information shall be disclosed to any Competitor under any circumstances.

**9. Inadvertent Disclosures**

(a) The inadvertent production of any documents, electronically stored information, or discovery materials (collectively, "Discovery Material")

that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, and/or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine. In the event of any such inadvertent production, upon written request from the producing party, the receiving party shall promptly return the Discovery Material and all copies of the Discovery Material in its possession, delete any electronic versions of the Discovery Material it maintains within ten days, and make no use of the information contained in the Discovery Material, except that, if the receiving party intends to request that the Court order the production of such inadvertently produced Discovery Material, if may retain one copy of the Discovery Material for such purpose and if so, notify the producing party promptly. The receiving party making such a request of the Court may not assert as a ground for such request the fact or circumstances of the inadvertent production, including the length of time between disclosure and discovery of such inadvertent production.

(b) Failure to return all copies of any inadvertently produced privileged document precludes its use for purposes of this specific litigation as well as for any other purpose and precludes the receiving party from challenging the propriety of the designation of privilege.

(c) In the event the producing party or other person inadvertently fails to designate discovery material as "Confidential," it may make such a designation subsequently by providing another copy marked "Confidential" to all Parties. After receipt of such notification, the persons to whom production has been made shall prospectively treat the designated discovery material as Confidential Information. If no objection is made within thirty (30) days of receipt of the additional copy of discovery material, or, if pursuant to this

6

Order the Court rules in favor of a Confidential designation, the receiving party shall return or certify the destruction of all copies of such discovery material not marked "Confidential."

10. **Documents at Depositions/Transcripts**

(a) A deponent who is not a current employee of Honeywell or a Competitor may, during his or her deposition, be shown and examined about Confidential Information as long as disclosure comports with the provisions of this Protective Order. A deponent shall not retain or copy portions of the transcript of his or her deposition containing Confidential Information not provided by the deponent or the entities whom he or she represents unless he or she signs the Confidentiality Agreement.

(b) Any party or any deponent may, either at the deposition or within thirty (30) days after receiving a deposition transcript, designate pages of the transcript and/or any exhibits thereto which pertain specifically to the discussion and/or disclosure of any Confidential Information as confidential. Confidential Information within the deposition transcript may be designated by stamping such pages "Confidential." Until the expiration of the thirty (30) day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order. Parties and deponents, through their respective counsel, shall notify in writing all counsel of the pages and exhibits which they have designated Confidential. If no party or deponent timely designates Confidential Information in a deposition transcript, then none of the transcript or any of the exhibits thereto will be treated as confidential. If a timely designation is made, the stamped pages and exhibits shall be treated as Confidential Information pursuant to this Protective Order. If there is uncertainty or any dispute as to whether any transcript pages and/or any exhibits thereto have been properly designated as Confidential Information, the Party opposing the designation may seek a ruling from this Court.

**11.     Objections to Designations**

The receiving party may object to the designation of any materials as "Confidential" by giving written notice to the designating party that it objects to the designation within a reasonable time after the receiving party receives the confidential materials.  If the designating party does not agree that the documents or information should not be considered Confidential Information, then the Parties shall confer in a good faith effort to resolve the dispute.  If the Parties are unable to resolve the dispute after conferring, the receiving party may apply to the Court for a ruling that a document (or category of documents) stamped "Confidential" should not be entitled to such status and protection under this Order.  If such a motion is made, the designating party shall have the burden to establish that there is good cause for the designation.  If no such motion is made, the material will remain as designated.  Any documents or other materials that have been designated "Confidential" shall be treated as confidential until such time as the Court rules such materials should not be treated as confidential, and a ten-day period to move to reconsider or appeal that ruling has expired without a motion to reconsider or an appeal having been filed, or until such time as the motion to reconsider or appeal is ruled upon.

**12.     Filing**

Confidential Information is not to be filed with this Court except when required in connection with motions or other matters pending before this Court. If any party intends to file Confidential Information, such Confidential Information shall be filed under seal with a notation regarding the application of this Protective Order. Any motion or other pleading referring to or quoting Confidential Information shall also be filed under seal with a notation regarding the application of this Protective Order.

13.   **Confidential Information Used at Trial**

Confidential Information may be offered in evidence at trial or at any court hearing, provided that the proponent of the evidence gives ten (10) days advance notice to counsel for the other Parties. Any Party may move this Court for an order that the evidence be received *in camera*, under seal, or under some other conditions so as to prevent unnecessary disclosure consistent with applicable law. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information, and, if so, what protection, if any, may be afforded to such document or information at the trial or court hearing.

14.   **Subpoena by Other Courts or Agencies**

If another court or an administrative agency subpoenas or orders production of Confidential Information which a party has obtained under the terms of this Protective Order, the party shall promptly notify counsel for all other Parties of such subpoena or order within five (5) days of being served with the subpoena or order. Such production shall not occur until the time allowed for objections to the subpoena has elapsed.

15.   **Client Consultation**

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to, or consulting with, their clients (the Parties). All Parties and their counsel, however, are bound by the terms of this Protective Order.

16.   **Use**

Confidential Information shall be used only for preparation and trial, retrial, and/or appeals of the above-styled action ("Action"). Confidential Information shall not be used for any other purpose. Nothing in this Order shall limit any party in the use of its own documents or from disclosing its own Confidential Information.

17. **Non-Termination**

The provisions of this Protective Order shall not terminate at the conclusion of this Action. Within sixty (60) days after the final resolution of this Action, including any appeal thereof, Confidential Information and all copies thereof (other than exhibits of record) shall be returned to the Parties' respective counsel, or at the producing party's option, destroyed. Notes, summaries, memos, computer data bases, and other compilations of Confidential Information shall be destroyed, except that counsel of record for the Parties shall be entitled to retain a set of all documents and exhibits filed with the Court and all correspondence and discovery generated in connection with the Action (excluding documents produced during discovery). All Parties and their counsel shall certify compliance herewith and shall deliver the same to the other Party's counsel not more than sixty (60) days after final resolution of this Action.

Done this the __8th__ day of __November__, 2010.

_____
Judge Trauger

APPROVED FOR ENTRY:

**BASS, BERRY & SIMS, P.L.C.**

By: __/s/ Jessalyn H. Zeigler__
    H. Lee Barfield II (BPR #2581)
    Jessalyn H. Zeigler (BPR #16139)
    W. Brantley Phillips, Jr. (BPR #18844)

150 Third Avenue South, Suite 2800
Nashville, TN 37201
lbarfield@bassberry.com
jzeigler@bassberry.com
bphillips@bassberry.com
615-742-6200

And

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

    Brent L. Reichert (*admitted pro hac vice*)
    Jennifer L. McKenna (*admitted pro hac vice*)
    Michael D. Reif (*admitted pro hac vice*)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
BLReichert@RKMC.com
JLMcKenna@RKMC.com
MDReif@RKMC.com
612-349-8500

**ATTORNEYS FOR DEFENDANT**
**HONEYWELL INTERNATIONAL INC.**


**BRANSTETTER, STRANCH & JENNINGS, PLLC**

/s/ Michael G. Stewart by JHZ w/ permission
Michael G. Stewart (BPR#16920)
J. Gerard Stranch, IV (BPR#023045)
Randall C. Ferguson (BPR#3533)
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
mstewart@branstetterlaw.com
gerards@branstetterlaw.com
rcf@branstetterlaw.com
615-254-8801

**ATTORNEYS FOR PLAINTIFFS**
**JAMES BEARDEN AND SHEILA BEARDEN**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES BEARDEN AND SHEILA BEARDEN, Individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 3:09-cv-01035 |
| | ) | Judge Aleta A. Trauger |
| Plaintiffs, | ) ) | JURY DEMAND |
| v. | ) ) | |
| HONEYWELL INTERNATIONAL, INC., | ) ) ) | |
| Defendant. | ) ) | |

## CONFIDENTIALITY AGREEMENT

The undersigned, having read and understood the Protective Order governing the restricted use of Confidential Information and any information derived therefrom, hereby agrees to be bound by the terms thereof; understands that any disclosure of Confidential Information constitutes contempt of court; and agrees to submit to the personal jurisdiction of this Court to enforce the Protective Order against the undersigned.

_____
Dated this \_\_\_\_ day of _____, 20\_\_        Signature

SWORN TO AND SUBSCRIBED before me this \_\_ day of _____ 2010 by _____ (name). He/She [please check as applicable] is personally known to me, or had produced his/her _____ (state) driver's license, or his/her _____ (type of identification) as identification, and did not take an oath.

_____
Signature
_____
Printed name

NOTARY PUBLIC, STATE OF
_____
(Commission Expiration Date)
(Serial Number, If Any)

8902492.1