IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JAMES BEARDEN AND SHEILA BEARDEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HONEYWELL INTERNATIONAL INC.<br><br>Defendant. | Case No.: 3:09-cv-01035<br><br>Judge Aleta A. Trauger<br><br>Jury Trial Demanded |

# ~~PROPOSED~~ CASE MANAGEMENT ORDER

A Case Management Conference was held in the above-entitled action on September 10, 2010 at 1:30 P.M.

### A. STATUS OF SERVICE OF PROCESS AND RESPONSIVE PLEADINGS:

Plaintiff served the Complaint upon the Defendant on October 28, 2009 (Docket Entry No. 1). The principal agent for Defendant accepted service on behalf of Honeywell International, Inc. on November 3, 2009 (Docket Entry No. 4). The Defendant has filed Motions to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and contemporaneously-filed Motions to Strike all class claims pursuant to Fed. R. Civ. P 12(f), which have been granted in part and denied in part. The Defendant filed its Answer to the Plaintiff's Complaint on August 30, 2010.

1

B. **BASIS ON WHICH JURISDICTION OF THE COURT IS INVOKED:**

   1. **PLAINTIFFS' POSITION.**

   The Plaintiff has alleged that this Court has subject matter jurisdiction over this case, pursuant to 28 U.S.C. § 1331, and diversity jurisdiction over this case, pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by Public Law 109.2, 119 Stat. 4 (2005), because the proposed Class exceeds 100 members, the amount in controversy exceeds the sum of $5 million (exclusive of interest and costs), and members of the Class are citizens of a state different than the states in which the Defendant is a citizen. The Plaintiff also has alleged this Court's supplemental jurisdiction over Plaintiffs' state law claims, pursuant to 28 U.S.C. § 1367(a).

   2. **DEFENDANT'S POSITION.**

   The Defendant does not contest that this Court has subject matter jurisdiction and *in personam* jurisdiction over Defendant for Plaintiff's individual claims. The Defendant does not agree that this matter is appropriate for class action treatment.

C. **PARTIES' THEORIES OF THE CASE AND CLAIMS AND DEFENSES:**

   1. **PLAINTIFF'S THEORY AND CLAIMS**

   At bottom, this case is about a consumer's right to be fully apprised of the risks posed by the equipment that she purchases. Sheila Bearden was injured by equipment designed and manufactured by the Defendant, specifically the Honeywell F300 Electronic Air Cleaner. Specifically, the F300 emitted intolerable levels of ozone gas, a known irritant and toxic substance. The Defendant knew or should have known that this dangerous byproduct was emitted by its product. Exposure to this product has resulted in Ms. Bearden suffering numerous injuries including severe respiratory distress, hypersensitivity to smells and fabrics, and severe pain. These debilitating symptoms did not manifest to Ms. Bearden until her exposure to the

Defendant's product. The Defendant failed to warn either Ms. Bearden or those similarly situated to her of the dangers of their products.

As a result of the Defendant's negligent failures to warn and numerous omissions, the Plaintiff requests that this Court empanel a jury of her peers and further certify a class to vindicate the rights of other similarly affected individuals. Further, Ms. Bearden should be awarded damages on an individual basis for the pain and suffering she has had to endure. Further, on behalf of Ms. Bearden and the class of similar individuals, Ms. Bearden requests an order granting such equitable relief as permanent injunctive relief directing Honeywell to correct its false statements and remedy its omissions with respect to the F300, to notify all potentially effected individuals of the risks associated with the F300, and to provide adequate warnings with all F300s currently in the stream of commerce. Ms. Bearden requests that the class recover the costs of this action, including all reasonable attorneys' fees.

2. **DEFENDANT'S THEORY AND DEFENSES.**

Despite the numerous more likely causes for Ms. Bearden's illness, Plaintiffs' Complaint blames the low levels of ozone emitted as a byproduct of Honeywell's F300 air cleaners. Honeywell vigorously contests any such assertion, as Plaintiffs cannot demonstrate causation for any of their claims. Nor can they cannot demonstrate product defect. Moreover, because Honeywell's product literature disclosed that the F300s do emit low levels of ozone and also gave specific instructions as to how to further reduce ozone emissions, Honeywell committed no fraud or misrepresentation, satisfied all warranties and was not unjustly enriched.

In addition, Plaintiffs' alleged class is inappropriate, as Plaintiffs cannot satisfy the requirements of Rule 23. Plaintiffs' class definition improperly requires individual determinations and, Plaintiffs are not typical of the class they seek to represent. Plaintiffs are not

typical class representatives since they claim personal injuries, but seek to exclude potential class members from asserting those same personal injury claims. In addition, Plaintiffs seek different types of damages than class members. Plaintiffs' proposed nationwide class is also unmanageable because of wide variances in state law. In addition, Plaintiffs' alleged causes of action involving fraud theories are not susceptible to class treatment because of an abundance of issues requiring individual determination.

**D.    ISSUES RESOLVED:**

Jurisdiction and venue have been resolved as to the Plaintiffs' individual claims. Additionally, the following counts in the Second Amended Complaint have been dismissed: (1) Plaintiffs' individual and putative class claims for breach of express warranty, and (2) putative class claims for alleged violations of the Tennessee Consumer Protection Act. Plaintiffs will not be granted leave to further amend their complaint.

**E.    ISSUES STILL IN DISPUTE:**

   **PLAINTIFFS:**

   (1)    Whether Honeywell violated its duty to warn consumers of potential dangers or hidden defects with its F300 Electronic Air Cleaners.

   (2)    Whether Honeywell violated its implied warranties of merchantability and fitness for a particular purpose by failing to warn consumers of the dangers of the F300.

   (3)    Whether Honeywell was unjustly enriched to the detriment of consumers like Ms. Bearden by failing to disgorge the profits gained by its sale of the defective product.

   (4)    The amount of damages suffered by Ms. Bearden due to Honeywell's actions.

(5) The amount of damages suffered by the class of consumers similarly situated to Ms. Bearden.

(6) The precise injunctive relief needed to fully vindicate the rights of the class of consumers of which Ms. Bearden is the representative. .

(7) The appropriate amount of attorney's fees and other litigation expenses to be awarded to Ms. Bearden.

**DEFENDANT:**

Defendant has filed its Answer and intends to vigorously defend every remaining claim in this litigation, including:

(1) Whether Mrs. Bearden has suffered any injury or damages from Honeywell's product and if so the amount of such damages.

(2) Whether Honeywell failed to adequately warn Plaintiffs regarding the amount of ozone omitted by its product.

(3) Whether Honeywell violated rights due to Plaintiffs under the Magnuson-Moss Warranty act.

(4) Whether Honeywell has been unjustly enriched by Plaintiffs' purchase of Honeywell's product.

(5) Whether Honeywell committed any fraud and/or negligent misrepresentation to Plaintiffs and/or any purported class.

(6) Whether Honeywell violated the Tennessee Consumer Protection Act in its sale and marketing of any product to Plaintiffs.

(7) Whether Plaintiffs are appropriate class representatives and/or whether class treatment of the fraud claims is proper and appropriate.

**F.    INITIAL DISCLOSURES:**

The Parties have exchanged their Initial Disclosures in this matter.

**G.    DISCOVERY:**

Discovery in this matter should be staged such that discovery as to Plaintiffs' individual claims proceeds, with discovery regarding any class claims only proceeding if Plaintiffs' individual claims survive any dispositive motions filed upon the completion of the individual discovery. The following schedule is in effect for discovery and deadlines related to Plaintiffs' individual claims::

(a)    The parties shall complete all written discovery and depose all fact witnesses on or before March 15, 2011. Discovery is not stayed during dispositive motions, unless ordered by the Court.

(b)    The Plaintiffs shall disclose any experts and provide expert reports by April 15, 2011. The Defendant shall disclose any experts and provide expert reports by May 1, 2011. Rebuttal experts shall not be permitted except with prior Court approval. Expert depositions shall be completed by June 15, 2011, with Plaintiffs' experts being deposed first.

(c)    Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

(d)    Motions to Amend: Plaintiffs will not be granted leave to further amend their Complaint. The Defendant shall file all Motions to Amend its Answer on or before April 1, 2011.

**H.     JOINT MEDIATION REPORT**

The Parties shall file a joint mediation report indicating whether they believe mediation of this matter would be helpful on or before May 20, 2011.

**I.     DISPOSITIVE MOTIONS:**

The parties shall file all dispositive motions regarding Plaintiffs' individual claims on or before July 15, 2011.  Responses to dispositive motions shall be filed within twenty (30) days after the filing of the motion.  Optional replies may be filed within ten (15) days after the filing of the response.  Briefs shall not exceed 20 pages without Court approval.  No motion for partial summary judgment shall be filed except upon leave of court.  Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**J.     ELECTRONIC DISCOVERY.**

The parties have conferred and the default standard contained in Administrative Order 174 will apply.

**K.     TRIAL:**

If Plaintiffs' individual claims survive following completion of discovery and any dispositive motions, a new schedule for discovery related to class claims and for class certification shall be set.  A trial date will not be set at this time.

IT IS SO ORDERED.

This the __8th__ day of November, 2010.

_____
Hon. Aleta Trauger
United States District Court Judge

APPROVED FOR ENTRY:

Dated: November 3, 2010.
/s/ Michael G. Stewart by JHZ w/ permission
Michael G. Stewart
J. Gerard Stranch, IV
BRANSTETTER, STRANCH
 & JENNINGS, PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
(615) 254-8801
mstewart@branstetterlaw.com
gerards@branstetterlaw.com

*Attorneys for Plaintiffs*


/s/ Jessalyn H. Zeigler
H. Lee Barfield II (BPR #2581)
Jessalyn H. Zeigler (BPR #16139)
W. Brantley Phillips, Jr. (BPR #18844)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
lbarfield@bassberry.com
jzeigler@bassberry.com
bphillips@bassberry.com


Brent L. Reichert
Jennifer L. McKenna
Michael D. Reif
ROBINS, KAPLAN, MILLER &
 CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
blreichert@rkmc.com
jlmckenna@rkmc.com
mdreif@rkmc.com
612-349-8500

*Attorneys for Honeywell International, Inc.*

8849191.6