```
                  UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

JAMES BEARDEN, et al.,           )
                                 )
    Plaintiffs,                  )
                                 )
      v.                         )    NO.  3:09-1035
                                 )    Judge Sharp/Bryant
HONEYWELL INTERNATIONAL, INC.,   )    **Jury Demand**
                                 )
    Defendant.                   )

## MEMORANDUM AND ORDER

Three motions are currently pending in this case relating to the proper scope of discovery. These motions are: plaintiffs' consolidated motion to compel the production of documents (Docket Entry No. 92); plaintiffs' amended consolidated motion to compel (Docket Entry No. 100); and defendant's motion for protective order (Docket Entry No. 105).

These motions have been referred to the undersigned Magistrate Judge for disposition (Docket Entry No. 101).

The undersigned Magistrate Judge conducted a telephone case management conference with counsel for the parties on Friday, June 24, 2011, during which the current status of issues raised in the foregoing motions was discussed.

As an initial matter, it appears that plaintiffs' amended consolidated motion to compel (Docket Entry No. 100) is intended to supplant and supersede plaintiffs' earlier consolidated motion to compel (Docket Entry No. 92). Therefore, the Clerk is directed to **TERMINATE** plaintiffs' earlier motion to compel (Docket Entry No. 92) as moot.

After due consideration, the Court finds that both plaintiffs' motion to compel (Docket Entry No. 100) and defendant Honeywell's motion for protective order (Docket Entry No. 105) should be **GRANTED** in part and **DENIED** in part, as explained below.

### Discussion

Plaintiffs James Bearden and Sheila Bearden have filed this product liability action alleging that Sheila Bearden has suffered certain personal injuries caused by excessive ozone generated by two Honeywell F300 electronic air cleaners purchased by the Beardens and installed in their new home (Docket Entry No. 39). Plaintiffs further allege that defendant Honeywell deliberately understated the amount of ozone emitted by its F300 electronic air cleaner, and intentionally failed to warn consumers, including the plaintiffs, of the dangers of ozone levels caused by this product. Plaintiffs assert causes of action in strict liability, negligence, violation of the Magnuson-Moss Act, unjust enrichment, breach of warranty, fraud, and violation of the Tennessee Consumer Protection Act.

Defendant Honeywell has filed its answer denying liability and asserting affirmative defenses (Docket Entry No. 59).

Plaintiffs in their motion to compel seek an order requiring defendant Honeywell to serve supplemental responses to eight requests for production of documents (Docket Entry No. 100 at 3-4). Specifically, plaintiffs complain that defendant Honeywell has refused to produce documents created before January 1, 2000, and to produce documents related to electronic air cleaners other than documents related to the F300 and F50F models. In its motion

2

for protective order, defendant Honeywell argues that the scope of discovery should be limited to documents relating to the model F300 electronic air cleaner and the "technologically similar" model F50F; that discovery of medical complaints or injuries should be limited to those resulting from the hazard alleged in this case, ozone; and that the temporal scope of discovery should be limited to documents dated after January 1, 2000.  In support of its motion, defendant Honeywell argues that the design and operation of its earlier electronic air cleaners are materially different from that of the model F300, purchased by plaintiffs, and the technologically similar model F50F, and, therefore, that documents relating to other models are not relevant.  Similarly, defendant asserts that the model F300 was first sold during 2001, and, therefore, requiring production of documents dated earlier than January 1, 2000, is not calculated to lead to the discovery of admissible evidence, and will impose extraordinary burdens and expenses upon defendant Honeywell.

Rule 26(b)(1) of the Federal Rules of Civil Procedure describes the general scope of permissible discovery and provides in part as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The scope of discovery under the Federal Rules of Civil Procedure is generally quite broad. See Lewis v. ACB Bus. Servs., 135 F.3d 389, 402 (6th Cir. 1998). However, the right to discovery granted by Rule 26 is not unlimited. U.S. v. Markwood, 48 F.3d 968, 982 (6th Cir. 1995).

### **Plaintiffs' Requests for Production**

From a review of the motion papers of the parties, the undersigned Magistrate Judge finds that plaintiffs' motion to compel should be **GRANTED** in part and defendant Honeywell should be ordered to make supplemental responses to the requests for production listed on pages 3 and 4 of plaintiffs' motion to compel (Docket Entry No. 100), as follows.

With respect to Request for Production No. 2[1], Honeywell shall produce all advertising, instructions, owner's manuals and/or guides, and other materials related to Honeywell electronic air cleaners models F300 and F50F only.

With respect to Request for Production No. 11, Honeywell shall produce any and all documents that contain, record, reflect or otherwise show the results of tests Honeywell, or others acting on Honeywell's behalf, have conducted concerning the amount or concentration of ozone produced by Honeywell models F300 and F50F

---

[1]The Court notes that Request for Production No. 2 in plaintiffs' motion to compel (Docket Entry No. 100 at 3) is altogether different from the Request No. 2 in plaintiffs' First Request for Production (Docket Entry No. 110-3 at 9). The Court here addresses the Request No. 2 in plaintiffs' motion.

4

only.

With respect to Requests for Production Nos. 12, 13, and 17, Honeywell shall produce any and all documents produced, developed or generated by Honeywell, or by any third party for Honeywell or at Honeywell's expense, wholly or in part, that contain or otherwise show an analysis of whether any amount of ozone is associated with health problems or otherwise show Honeywell's understanding, belief, or knowledge of the health effects of ozone. Honeywell, however, shall not be obligated to produce any such documents or analyses that are generally available in the public domain, and are as accessible to plaintiffs as to Honeywell.

With respect to Requests for Production Nos. 14, 16, and 20, Honeywell shall produce (1) any and all documents that contain, record, reflect or otherwise show communications between Honeywell and any federal agency concerning any proposed or existing regulation concerning ozone, (2) any marketing, sales, or informational communications distributed by Honeywell to consumers or professional heating and air service providers concerning ozone, and (3) any documents containing or reflecting communications between Honeywell and consumers relating to ozone <u>and</u> which are dated from one year prior to the first sale of the Honeywell model F300 or the model F50F electronic air cleaner, whichever is earlier, and the date of the filing of the complaint in this case.

**<u>Plaintiffs' Rule 30(b)(6) Deposition Notice</u>**

In addition to seeking limitations on the scope of discovery with respect to plaintiffs' requests for production of documents, defendant Honeywell in its motion for protective order also seeks to limit the scope of inquiry during plaintiffs' Rule 30(b)(6) deposition. Specifically, defendant argues that the topics listed in plaintiffs' Rule 30(b)(6) deposition notice should be restricted to the product at issue, the model F300, to the hazard alleged in plaintiffs' complaint, ozone, and limited in time to matters occurring since January 1, 2000. Plaintiffs have filed their response in opposition to defendant Honeywell's motion for protective order (Docket Entry No. 117).

From a review of the parties' motion papers, the undersigned Magistrate Judge finds that Honeywell's motion for protective order should be **GRANTED** in part and **DENIED** in part, as explained below.

Plaintiffs have served a notice of deposition pursuant to Rule 30(b)(6) upon defendant Honeywell (Docket Entry No. 106-7). This notice lists 26 general topics of proposed interrogation. Although most, if not all, of these topics broadly seek information regarding all electronic air cleaners ever manufactured by Honeywell, the undersigned Magistrate Judge finds that, at least at this stage in the litigation, the scope of inquiry regarding topics 1, 2, 4, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 18, 19, 23, and 24 should be restricted to the air cleaner model purchased by plaintiffs, the F300, and the technologically similar model F50F.

6

The Court further finds that topic number 5 seeking "all communications between Honeywell and any individual related to or addressing ozone" is unduly broad and unlimited, especially in consideration of other listed topics related to communications by Honeywell relating to ozone. Similarly, the Court finds that topic number 21 seeking "Honeywell's policies, procedures, and/or protocols relating to customer complaints related to the health and welfare of a customer" to be excessively broad and unlimited, especially in light of the immediately preceding topic number 20, which seeks the same information limited to ozone. For these reasons, the Court finds that defendant Honeywell should not be required to prepare a witness to testify regarding the full scope of items listed in topics number 5 and 21.

Finally, the Court finds that inquiries into adverse health effects associated with the Honeywell air cleaners, or any personal injuries alleged to have arisen therefrom, as listed in topics number 16 and 25 should be limited to those attributed to ozone.

With respect to inquiry regarding any testing or analysis conducted by or on behalf of Honeywell to determine adverse health effects caused by ozone, as distinguished from ozone levels generated by any Honeywell product, the Court will permit such inquiry without restriction to time period.

Except as otherwise stated in this memorandum above, defendant Honeywell's motion for protective order is **DENIED**.

To the extent that this memorandum and order requires supplemental discovery responses by defendant Honeywell, those responses shall be served on or before **Monday, July 18, 2011.**

It is so **ORDERED**.

                                              s/ John S. Bryant
                                              JOHN S. BRYANT
                                              United States Magistrate Judge