UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES BEARDEN, et al.,              )
                                   )
     Plaintiffs,                   )
                                   )
     v.                            )      NO.  3:09-1035
                                   )      Judge Sharp/Bryant
HONEYWELL INTERNATIONAL, INC.,     )      **Jury Demand**
                                   )
     Defendant.                    )

## O R D E R

The undersigned Magistrate Judge conducted a telephone case management conference with counsel for the parties on July 22, 2011.

Pending before the Court is Plaintiffs' Motion To Strike (Docket Entry No. 145), which seeks an order striking a letter dated July 20, 2011, from Ms. Zeigler, local counsel for Honeywell, addressed to the undersigned Magistrate Judge and copied to counsel for all parties.  In brief summary, Ms. Zeigler's letter advises the Court of an issue related to discovery that the parties have been unable to resolve by agreement, and about which the parties' counsel intended to seek a telephone conference with the Court.

The Clerk is hereby directed to file a copy of Ms. Zeigler's letter, referenced above, for the record in this case.

As discussed with counsel for the parties during today's telephone conference, the undersigned Magistrate Judge does not consider Ms. Zeigler's letter to the undersigned to be improper or a violation of local rules.  Instead, the Court regards it as Ms.

Zeigler's way of giving the Court advance notice of the nature of the issue to be discussed in an upcoming telephone case management conference with counsel. For the foregoing reasons, plaintiff's motion to strike (Docket Entry No. 145) is **DENIED**.

As discussed at the conclusion of today's telephone case management conference, if defendant Honeywell wishes to exclude certain of its operating divisions from the obligation to search for and produce records in discovery because the business conducted by those operating divisions do not implicate ozone or its associated health hazards, Honeywell may file a properly supported motion to do so. Mr. Mintzer has stated that, barring unforseen difficulties, he should be able to prepare and file such a motion on or before Friday, July 29, 2011.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge